UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| WHITNEY NICOLE GIBSON | CIVIL ACTION |
| VERSUS | NO: 26-00465 |
| WOMEN WITH A VISION, et al. | SECTION: T (1) |

**ORDER AND REASONS**

Before the Court is a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) filed by Defendants Women with a Vision ("WWAV"), Deon Haywood, Shaquita Borden, and Tabitha Pearl Hicks (the "Individual Defendants"). R. Doc. 16. Plaintiff Whitney Nicole Gibson has not filed an opposition. *See* LR 7.5. Accordingly, this motion is deemed to be unopposed. Defendants have filed a reply in support of their motion. R. Doc. 17.

**BACKGROUND**

Plaintiff filed this pro se action alleging employment discrimination under the Americans with Disabilities Act ("ADA") against her alleged former employer, Women with a Vision ("WWAV"), and three WWAV employees, Executive Director Deon Haywood, Chief Financial Officer Shaquita Borden, and Tabitha Pearl Ricks. R. Doc. 4 at 2-3. Plaintiff identifies WWAV as the sole employing entity. R. Doc. 4 at 3. Defendants have filed a Motion to Dismiss the claims against the individual employees. R. Doc. 16.

**LAW and ANALYSIS**

Pursuant to the Eastern District of Louisiana's Local Civil Rule 7.5, a party opposing a

motion "must file and serve a memorandum in opposition to the motion with citations of authorities no later than eight days before the noticed submission date." Nevertheless, a motion such as one for summary judgment cannot be granted simply because there is no opposition, even if the failure to oppose violated a local rule. *John v. La. (Bd. of Trustees for State Colleges & Universities)*, 757 F.2d 698, 709 (5th Cir.1985). The movant retains the burden of establishing the absence of a genuine issue of material fact and, unless he has done so, the court may not grant the motion, regardless of whether any response was filed. *Id.* at 708. That same rationale applies with respect to a Motion to Dismiss pursuant to F.R.C.P. Rule 12(b)(6). Here, although Plaintiff has not opposed the motion, Defendants have otherwise established that their Motion to Dismiss the Individual Defendants has merit and should be granted.

Rule 12(b)(6) allows a defendant to seek dismissal of a complaint based on the "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A court "do[es] not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions." *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005). Pro se pleadings are afforded a more liberal construction. *Clark v. Nicholls State Univ.*, No. CV 19-6054, 2020 WL 360511, at *2 (E.D. La. Jan. 22, 2020). Nevertheless, a pro se litigant's complaint

must satisfy the plausibility standard. *Id.* (citations omitted).

The Americans with Disabilities Act ("ADA") does not permit suits against individual employees. *See* 42 U.S.C. § 12131(1). The Fifth Circuit has made this clear, explaining that the ADA imposes liability only on a covered employer, not on supervisors, managers, or co-workers. *Kemp v. Holder*, 610 F.3d 231, 234 (5th Cir. 2010).

As Defendants point out, Plaintiff in her Complaint does not describe the Individual Defendants as anything other than employees. She identifies Deon Haywood as "Executive Director," Shaquita Borden as "Chief Financial Officer," and Tabitha Ricks as a co-worker. R. Doc. 4 at 2-3. Nowhere does Plaintiff allege that any of these defendants individually employed her, controlled her compensation or hours, or acted as her "statutory" employer under the ADA. The Complaint alleges various performance-related disagreements, supervisory communications, and internal personnel discussions, which do not create individual liability under the ADA. Therefore, Plaintiff has failed to allege any plausible claims against the Individual Defendants, and such claims will be dismissed with prejudice. Accordingly,

**IT IS ORDERED** that that the Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) is GRANTED and the claims asserted against Defendants Deon Haywood, Shaquita Borden, and Tabitha Pearl Hicks are DISMISSED WITH PREJUDICE.

New Orleans, Louisiana, this 4th day of September 2026.

GREG GERARD GUIDRY
UNITED STATES DISTRICT JUDGE